```
 1                  UNITED STATES DISTRICT COURT

 2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3
    UNITED STATES OF AMERICA,     )   No. 22-cr-1152-BAS
 4                                )
                     Plaintiff,   )   Monday, June 12, 2023
 5       vs.                      )
                                  )   Status Hearing
 6  KARIM ARABI, et al.,          )
                                  )
 7                   Defendants.  )
                                  )
 8

 9           REPORTER'S TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE CYNTHIA A. BASHANT
10                 UNITED STATES DISTRICT JUDGE

11                        PAGES 1 - 12

12  APPEARANCES:

13  For Plaintiff:       UNITED STATES ATTORNEY'S OFFICE
                         880 Front Street, Suite 6293
14                       San Diego, California  92101
                         By: NICHOLAS W. PILCHAK, AUSA
15                           ERIC R. OLAH, AUSA
                             JANAKI CHOPRA, AUSA
16
    For Defendant 1:     BIENERT KATZMAN LITTRELL WILLIAMS, LLP
17                       903 Calle Amanecer, Suite 350
                         San Clemente, California  92673
18                       By: WHITNEY Z. BERNSTEIN, Esq.

19                  (Appearances continue on page 2.)

20

21  Reported By:

22  Anne Roldan, RMR, CRR, Cal. CSR #13095
    Official Court Reporter
23  U.S. District Court, Southern District of California
    333 West Broadway, Suite 420
24  San Diego, California  92101

25  Reported by stenotype; transcribed by computer.
```

```
 1   APPEARANCES (cont.):

 2   For Defendant 3:     GIBSON, DUNN & CRUTCHER
                          3161 Michelson Drive
 3                        Irvine, California  92612
                          By: NICOLA T. HANNA, ESQ.
 4
     For Defendant 4:     KING & SPALDING, LLP
 5                        633 West Fifth Street, Suite 1700
                          Los Angeles, California  90071
 6                        By:  DAVID WILLINGHAM, ESQ.
                               JAMIE LANE, ESQ.
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

|   |   |
|---|---|
| 1 | ***MONDAY, JUNE 12, 2023, 3:19 P.M.*** |
| 2 | \*\*\* |
| 3 | **THE CLERK:** Calling Matter No. 24, 22-cr-1152, |
| 4 | United States of America vs. Kareem Arabi, Sanjiv Taneja, and |
| 5 | Ali Akbar Shokouhi, on calendar for motion hearing/trial |
| 6 | setting. |
| 7 | **MR. PILCHAK:** Good afternoon again, your Honor. |
| 8 | Nicholas Pilchak, Janaki Chopra, and Eric Olah for the |
| 9 | United States. |
| 10 | **THE COURT:** Good afternoon. |
| 11 | **MS. BERNSTEIN:** Good afternoon, your Honor.  Whitney |
| 12 | Bernstein -- Bienert, Katzman, Littrell & Williams -- on behalf |
| 13 | of Mr. Arabi, who is present before the Court. |
| 14 | **THE COURT:** Good afternoon. |
| 15 | **MR. WILLINGHAM:** Good afternoon, your Honor.  David |
| 16 | Willingham and Jamie Lane on behalf of Ali Akbar Shokouhi, |
| 17 | present in court on bond. |
| 18 | **THE COURT:** Good afternoon. |
| 19 | **MR. HANNA:** Good afternoon, your Honor.  Nick Hanna on |
| 20 | behalf of Sanjiv Taneja, who is present in court on bond. |
| 21 | **THE COURT:** Good afternoon.  This is set for motions. |
| 22 | What's the status? |
| 23 | **MS. BERNSTEIN:** Your Honor, this was set for a status |
| 24 | hearing, I believe. |
| 25 | **THE COURT:** That's correct. |

   ***MS. BERNSTEIN:*** We wanted to update the Court as to the discovery productions that the Government has made to date. There have been six productions since October, most recently a production last week. The productions total over 1.5 million pages and 39 audio/visual files.

   The Government has also represented that its investigation is ongoing, which, to begin, your Honor, sort of begs the question of whether we're even preparing for the correct indictment here or whether the Government plans to add defendants or counts. We know they do have an active grand jury that heard testimony as recently as March. So there's a lot of discovery. There's an ongoing investigation. And there's a lot of critical discovery that's still outstanding. Primarily -- and we've had communication with the Government about the discovery, so I'm just going to hit the high points for the Court.

   There are outstanding MLAT requests that the Government is awaiting and will produce, but we don't have a sense of timing or scope of those returns. And we're also awaiting -- well, there's also documents from Qualcomm itself that we need.

   We've asked the Government whether they're planning to produce any additional materials received from Qualcomm and when we can expect that, and the Government has said, both, that it has produced what's in its possession and that last week's production included some of those documents. But we don't know

1  whether there's more to come.  And I guess more to the point,
2  there are various categories of documents from Qualcomm that we
3  need to defend this case.
4       Qualcomm conducted an extensive internal investigation
5  before filing its civil suit in 2017, which settled in 2020.
6  And we've requested communications and documents concerning that
7  internal investigation such as interviews of the defendants, one
8  of the defendants whose settlement in the civil case obligated
9  him to provide more than 50 hours of uninterrupted interviews to
10 Qualcomm, exclusive of bathroom and food breaks.  So there
11 should be quite a bit of that; interviews of other critical
12 witnesses that we know were part of the internal investigation
13 and part of the civil settlement.
14      And the Government confirmed this past Friday that it
15 is not in possession of any notes from interviews that Qualcomm
16 conducted after the civil case was filed.
17      The indictment also alleges, as your Honor knows, over
18 35 overt acts, 33 of which occurred in 2014 and 2015, and the
19 final two that are nearly three years later related to the civil
20 case.  So we've also requested communications and documents
21 concerning the civil case.
22      In a January call with the Government, they said that
23 there may be other relevant material over which Qualcomm has
24 asserted privilege and thus has not been produced.  But the
25 Government has also said that it has not sought to pierce the

1  privilege between Qualcomm and its outside counsel related to
2  the Ablazio *[ph]* matter in the civil case, and that the
3  Government has no privilege log or other indication of whether
4  Qualcomm has withheld any documents as privileged.
5        **THE COURT:**  So the question -- I'm going to stop you
6  for a minute.
7        The question I have is, it seems to me that there's two
8  categories of documents.  There's documents that Qualcomm --
9  that are Qualcomm's that the Government has, and there are
10 documents that Qualcomm has but hasn't given to the Government.
11       **MS. BERNSTEIN:**  I think that's right, your Honor.
12       **THE COURT:**  And so I don't have any problem addressing
13 the issue with the Government as to any documents they have
14 gotten from Qualcomm.  And we'll talk to them in a minute.  But
15 as far as documents they don't have, it seems to me that then
16 the -- you're going to have to subpoena them.
17       **MS. BERNSTEIN:**  And I think part of the problem,
18 your Honor, is we've also asked for the subpoenas that underlie
19 the returns we've been produced so we know whether Qualcomm is
20 asserting privilege over things, though there's no privilege log
21 or indication, that we need to pursue that with your Honor or
22 whether it simply wasn't requested and we need to pursue it in a
23 different route and the Government has objected to providing us
24 with the search warrants as well.
25       So the defendant is likely going to be filing a

1  discovery motion and Rule 17 subpoena.  So there's that, as
2  well, that's going to inform our motion practice.  And so that's
3  kind of where we are with things.
4      **THE COURT:**  My suggestion is that you file the
5  subpoenas and fight it out with Qualcomm.  And you can certainly
6  put those in front of me.  If Qualcomm wants to assert some sort
7  of privilege in front of me, we can discuss that and cut the
8  Government out of it.
9      **MS. BERNSTEIN:**  Yes, your Honor.  And so that's an
10 update, unless you want to hear more from me right now.
11     **THE COURT:**  Okay.  Let's hear from the Government on
12 those issues, and then we can go from there.
13     **MR. PILCHAK:**  Yes, your Honor.  I think that is all
14 basically correct.  To provide a little bit more context, the
15 page count of discovery in this case is very large.  What I
16 wanted to assure the Court, though, is that the size of the
17 discovery productions has been trending down.  So for example,
18 the production last week, I believe, was about 814 pages.  So
19 it's not nothing, but it's not as if we've produced half a
20 million of the million and a half pages last week.  And so we've
21 tried to express --
22     **THE COURT:**  When are you going to produce everything
23 that you are planning to produce?
24     **MR. PILCHAK:**  Well, because the investigation is
25 ongoing, that's a difficult question to answer.  We do continue

to interview witnesses, and, you know, there may be additional subpoenas that are issued that haven't been issued today.

What we're trying to do is produce on a rolling basis as quickly as we can, sensitive to the defendants' concerns about the timing here. So I can't answer that question definitively. What I can say is that the trend is coming down in terms of volume of discovery.

The only thing I would add to what Ms. Bernstein said is -- she reminded me in the hall before the hearing today -- the final two digital device warrant searches were recently completed, but we haven't yet produced the returns from those in discovery. We anticipate we should have those out the door in the two weeks or so. That should tie to the warrants of the devices last year.

**THE COURT:** You understand the concern by the Defense -- and, frankly, even more by the Court -- that we're going to go on indefinitely in this case, and you're going to keep investigating and may -- we set it for trial and say, "We've got a new indictment," and we put it out again or we've got new defendants. We have to have a date certain that we're moving forward with this case.

**MR. PILCHAK:** I understand, your Honor. And we are doing our best to move the investigation along expeditiously. The only other thing I'll add to the pile -- and it's not a helpful thing to add to the pile, but I want the Court to be

1  aware of everything -- is, of course, this indictment includes
2  an individual who is in extradition proceedings in Canada.  So
3  there is that additional X factor of when Defendant No. 2 will
4  be present for proceedings in the United States.
5       **THE COURT:**  We can't wait forever for that to happen.
6  It may or may not happen soon.
7       **MR. PILCHAK:**  I understand, and I'm not suggesting that
8  we do.  I just want to add that to the Court's radar of when
9  things are likely to be, you know, quote/unquote, finished in
10 this case.
11      **THE COURT:**  And I can say the same thing about the
12 MLAT.  MLATs are notoriously unpredictable as far as --
13 depending upon the country and whether or not they want to
14 bother getting around to it or not.
15      **MR. PILCHAK:**  That's been my experience, your Honor.
16      **THE COURT:**  So are there particular things you were
17 looking for me to order today?
18      **MS. BERNSTEIN:**  I think we just wanted the Court to
19 understand the state of things, because we haven't seen
20 your Honor for a while, and we certainly don't want your Honor
21 to have the impression we're sitting around doing nothing.  We
22 are reviewing voluminous and ongoing discovery productions.
23      And in order -- what we were going to request was a
24 November motion hearing/trial setting date.  When we spoke to
25 the Government about that, I think they thought that was a

1  little bit far in the future.  But it's complicated by the fact
2  that there is a ton of discovery.  That's, I think, the
3  technical term, is a "ton of discovery" here.
4          And the fact that we are still -- we don't know if
5  we're preparing for the correct indictment.  We're not getting
6  the documents we really need as a critical to investigate and
7  defend.  So we are going to need to bring Rule 17s or discovery
8  motions to your Honor and then bring motions thereafter.
9          **THE COURT:**  My suggestion, Number 1, is that if there's
10 anything that you would like from Qualcomm that you are not
11 getting from the Government, that you move forward with the
12 Rule 17 subpoenas.  Because I don't want to get to November,
13 which is setting it out pretty far, and then have you say, "We
14 still haven't gotten them, and now we're going to ask for the
15 subpoenas to find out what's being privileged and what's not."
16 Let's fight that out sooner rather than later so we can find out
17 what -- with Qualcomm, what they're going to fight about.
18         **MS. BERNSTEIN:**  Yes, your Honor.
19         **THE COURT:**  I don't have a problem with putting this
20 out until November.  Let me hear from the Government on that
21 issue.
22         **MR. PILCHAK:**  Your Honor, we were hoping for something
23 a little closer, but we understand the Defense's concerns.  So
24 if that's the Court's inclination, we won't object.
25         **THE COURT:**  Let me hear from -- I've heard from

1  Ms. Bernstein.  I just to make sure that everyone is on the same
2  board.
3          Mr. Hanna?
4          **MR. HANNA:**  Yes, your Honor.  Nothing further from me.
5          **MR. WILLINGHAM:**  Yes, your Honor.  Nothing further.
6          **THE COURT:**  And you all agree that November sounds like
7  a realistic date at this point?
8          **MR. HANNA:**  Yes, your Honor.
9          **MR. WILLINGHAM:**  Yes, your Honor.
10      *(The Court and Clerk conferred sotto voce.)*
11         **THE COURT:**  How about November 6th at 3:00 o'clock?
12         **MS. BERNSTEIN:**  That's fine for me, your Honor.
13         **MR. HANNA:**  Yes, your Honor.  Thank you.
14         **MR. WILLINGHAM:**  Yes, your Honor.  Thank you.
15         **THE COURT:**  Okay.  Mr. Arabi, Taneja, and Shokouhi,
16  you're all ordered to be back in this court on November 6th at
17  3:00 o'clock.  I do find that time is excludable in light of
18  complexity of the matter.
19         If, between now and then -- if, in the meantime, there
20  are discovery issues that need to be resolved, please do not
21  wait until November 6th to put them in front me.  I'm here every
22  Monday.  You can you just pick up the phone and call my
23  courtroom deputy.  We'll put you on calendar to resolve any
24  issues so that we don't -- we can move forward with this when we
25  get to November.

1           Okay?  Thank you.

2           **MR. PILCHAK:**  Thank you, your Honor.

3           **MS. BERNSTEIN:**  Thank you, your Honor.

4           **MR. HANNA:**  Thank you.

5           **MR. WILLINGHAM:**  Thank you.

6           **THE COURT:**  Thank you.

7      *(Proceedings adjourned at 3:30 p.m.)*

8                              ***

9                    *REPORTER'S CERTIFICATE*

10          I, Anne Roldan, certify that I am a duly qualified and acting Official Court Reporter for the United States District Court, that the foregoing is a true and accurate transcript of the proceedings as taken by me in the above-entitled matter on June 12, 2023; and that the format used complies with the rules and requirements of the United States Judicial Conference.

14  Date:  July 12, 2023

15  _____

16  *Anne Roldan, RMR, CRR, CSR 13095*