Whitney Z. Bernstein, SBN 304917
wbernstein@bklwlaw.com
Rebecca S. Roberts, SBN 225757
rroberts@bklwlaw.com
**BIENERT KATZMAN**
**LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile (949) 369-3701

*Attorneys for Dr. Karim Arabi*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>KARIM ARABI,<br><br>　　　Defendant. | Case No. 3:22-cr-01152-BAS-1<br>Honorable Cynthia Bashant<br><br>**DR. KARIM ARABI'S OPPOSITION TO THE GOVERNMENT'S MOTION TO COMPEL HANDWRITING EXEMPLARS [DKT. NO. 189]**<br><br>Hearing Date:　December 4, 2023<br>Hearing Time:　2:45 p.m.<br>Courtroom:　　 12B |

Dr. Arabi opposes the government's Motion to Compel Handwriting Exemplars (Dkt. 189) ("Motion").  First, the government has not presented a need that outweighs Dr. Arabi's rights nor any authority under which the Court can proceed.  Second, the Motion is unnecessary.  Dr. Arabi was a longtime employee of Qualcomm, the putative prosecutor in this matter, and the government has within its possession numerous examples of Dr. Arabi's handwriting.  The government can compare these handwriting examples with its documents in lieu of compelling Dr. Arabi to submit to an unspecified handwriting protocol.  Third, the Motion fails to establish that the government's handwriting protocol is non-testimonial.  If Dr. Arabi is directed to provide certain statements, a compelled handwriting protocol may be testimonial in nature and should be denied under the Fourth and Fifth Amendment.   And finally, the Motion will not accomplish its goal of establishing that "[Dr. Arabi[1]], in fact, prepared certain key documents." Mot. at 4:5–6.  So-called handwriting experts are prohibited from offering testimony regarding the authorship of documents because opinions about authorship are unreliable.  In sum, and because the government's only reason to obtain the handwriting exemplar is improper, the Court should deny the Motion.

### A. The government failed to present a need for the requested handwriting exemplars or any authority under which such could be compelled.

The government has not established any need for the requested handwriting exemplars nor presented any authority whatsoever under which it can ask the Court to compel exemplars from Dr. Arabi.  It simply argues, without any elaboration or explanation, that the "exemplars will help determine whether [Dr. Arabi], in fact, prepared certain key documents." Mot. at 4:5–6.  Indeed, its two-page statement of relevant facts almost entirely rehashes its allegations that Dr. Arabi used "multiple email accounts," "a San Diego-based IP address," and sent various emails.  Mot. at 2–3.  As further "relevant facts," the

---

[1] The government continues to refer to Dr. Arabi by his first name only, while referring to its cooperators by their last name (see, e.g., "Both Taneja and Shokouhi admitted…") (Mot. at 2:5–6 & 3:5).

government then details Dr. Arabi's motion to compel all emails from all accounts that the government contends were used by him to facilitate the alleged offenses. Of course, a handwriting analysis has no bearing or relevance whatsoever on Dr. Arabi's purported email correspondences. The government's burden to request handwriting exemplars admittedly may be low, but the Motion does not even attempt to connect the dots.

Also entirely absent from the government's motion is the purported authority under which it believes it can compel Dr. Arabi's handwriting exemplars. Nothing in Rule 16 requires a defendant to disclose information to "help [the government] determine" various aspects of its case, much less separately create that evidence. The government could not use a grand jury or trial subpoena to obtain the desired exemplars. If the government wanted to move under Rule 17(c), it would have to establish, prior to the issuance of the subpoena, that the evidence is relevant and admissible, not otherwise procurable, the government cannot prepare for trial without the pre-trial production and inspection, and that the application for the Rule 17(c) subpoena is made in good faith. *United States v. Nixon*, 418 U.S. 683, 699 (1974). The government would not be able to meet this burden for the issuance of a Rule 17 subpoena. The typical discovery vehicles are unavailable here, and the government offers no authority whatsoever under which it is asking the Court to compel Dr. Arabi's handwriting exemplars.

Without a requisite articulation for the government's need for the handwriting exemplars and the authority under which the Court can compel such, the Court should deny the Motion.

> **B. It is unnecessary to compel Dr. Arabi's handwriting exemplars because the government has access to numerous examples of his handwriting in its custody and control.**

The Motion is also unnecessary because the government has within its custody and control numerous examples of Dr. Arabi's handwriting to which it can compare the "certain key documents." Mot. at 4:5–6. This alone negates any theoretical need for Dr. Arabi's handwriting samples. *See, e.g., United States v. Green*, 282 F. Supp. 373, 374–75 (S.D. Ind. 1968) (denying government's motion to compel in part because "the Government [had]

not sought to deny that it [had] samples of [defendant's] handwriting available through [defendant's] employment.").

There are at least three sources for the government's possession of Dr. Arabi's handwriting: Dr. Arabi was a long-time employee of Qualcomm, the parties were in civil litigation for years, and Dr. Arabi is a lawful permanent resident with an A-file. Both Qualcomm and the government have copies of Dr. Arabi's handwriting and signature from his employee file and civil litigation—in fact, examples of such have already been produced in discovery. Additionally, Qualcomm sought, initiated, and has fully cooperated with every aspect of the government's prosecution of Dr. Arabi to the extent the government needs to request any additional documents. Moreover, the government is in possession of Dr. Arabi's entire A-file, which also contains examples of his handwriting from which the government can conduct a comparison analysis. Critically, the government does not deny the existence of other sources of Dr. Arabi's handwriting, nor does it explain why these other handwriting examples are inadequate.

The government thus entirely fails to demonstrate the necessity of the requested handwriting exemplar. *See, e.g., United States v. Sutherland*, No. 2:10-CR-00356-LDG, 2011 WL 2746097, at *2 (D. Nev. July 13, 2011). Instead, the government is coming to the Court to shortcut conducting its own thorough and complete investigation. The Court should not countenance becoming an investigative arm of the prosecution and should deny the Motion.

C.  **The government has failed to establish that the handwriting protocol it will follow is non-testimonial.**

To begin, the only explanation of the handwriting protocol the government is requesting is explained as having "the Court order [Dr. Arabi] to write and submit handwriting exemplars at the direction of and in the presence of law enforcement." Mot. at 4:3–5. It is entirely unclear if this proposed protocol will seek information beyond the mere "identifying physical characteristic" of Dr. Arabi's writing that the government already has in various forms, as the content of exemplars can be testimonial or communicative in nature.

*Gilbert v. California*, 388 US. 263, 267 (1967).  If so, the Court should deny the government's Motion as a protocol that involves telling a defendant what to write as opposed to giving the defendant the words in written form as testimonial in nature.  *See*, *e.g.*, *United States v. Campbell*, 732 F.2d 1017 (1st Cir. 1984); *United States v. Kallstrom*, 446 F. Supp. 2d 772, 775 (E.D. Mich. 2006).  Similarly, allowing the government to direct Dr. Arabi to re-create a writing that the government proposes to link to Dr. Arabi and introduce at trial would violate Dr. Arabi's constitutional rights as well.  *See* U.S. Constitution, Amend. V; Fed. R. Evid. 403; *Green*, 282 F. Supp. at 375 ("What is here sought is an exemplar displaying selected phrases allegedly germane to this case.  To lend the compulsory processes of the Court to the procurement of such an exemplar without the voluntary cooperation of the accused would be an infringement upon the spirit of the constitutional prohibition against compelling the accused to be a witness against himself.").

Because the government's intended protocol is unclear, it is similarly unclear whether Dr. Arabi's constitutional rights would in fact be violated if the Court granted the Motion.  No case, and certainly not the ones listed by the government, stands for the proposition that the government has an unfettered right to take exemplars of any kind for any period of time and in any manner it wants.  The government will likely respond that the protocol can be established after an exemplar is compelled.  But the government is asking the Court to take the extraordinary step of compelling Dr. Arabi to provide discovery despite having never sought such through the procedural mechanisms available (i.e., by subpoena, confrontation, Fed. R. Crim. P. 17, etc.).  Because the government is asking the Court to help it short circuit the rules, the Court should require the government to articulate its proposed protocol and establish that it will not violate Dr. Arabi's constitutional protections under the Fourth and Fifth Amendments before considering granting the Motion.

For example, depending on the government's proposed protocol, Dr. Arabi would require that a defense representative be present during the taking of the exemplars to ensure no question or other activity is conduct other than those limited exemplars, particularly in light of the agents' conduct during and after Dr. Arabi's arrest as set out in Dr. Arabi's

motion to suppress statements (Dkt. 193). The government should also have to detail: i) the procedures it intends to use, ii) the writing it intends to have Dr. Arabi write down, iii) limits on the duration of the exemplar process, iv) who will be present during the compelled exemplars, v) limits as to the number of the same writing allowed, and vi) whether the exemplars will be recorded.

If and when the government provides this new information, Dr. Arabi should be given an adequate opportunity to respond to the proposed protocol before the Court ultimately makes its decision. As currently proposed, however, the government has not met its burden of establishing that the handwriting protocol it will follow is non-testimonial in nature under the constitution, so the Motion should be denied.

### D. In any event, the evidence and testimony the government seeks concerning Dr. Arabi's handwriting is inadmissible.

The government argues that Dr. Arabi's handwriting exemplars are necessary to "determine whether [Dr. Arabi], in fact, prepared certain key documents supposedly prepared by [Ms. Alan]." Mot. at 4:5–6. Presumably, the government wishes to establish that Dr. Arabi prepared "certain key documents" through the expert testimony of a handwriting expert. However, critically, such testimony would be inadmissible, as handwriting testimony is not sufficiently reliable to survive scrutiny under *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579 (1993). *See, e.g.*, *United States v. Hidalgo*, 229 F. Supp. 2d 961, 967 (D. Ariz. 2002) ("Because the Government has failed to prove the principle of uniqueness, we have excluded any expert opinion testimony that the handwriting or handprinting on any questioned document is in fact the handwriting or handprinting of the defendants.").

As with its failure to propose a constitutionally compliant protocol, the government may argue that it should get the exemplars now and litigate the *Daubert* issues later. But if the government believes such expert testimony would be sufficiently reliable to be admissible, the Court should consider the issue now before requiring Dr. Arabi to submit to a handwriting exemplar. If the government cannot establish as much, this Motion would

be a waste of time for the Court and the parties, particularly Dr. Arabi who has limited resources to defend this case.

### E.  Conclusion.

For these reasons, Dr. Arabi respectfully request that the Court deny the government's Motion. If a handwriting exemplar is allowed over Dr. Arabi's objections, the Court should set reasonable limits and establish a protocol with the information and limits described above.

Respectfully submitted,

Dated: November 27, 2023

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**

By: */s/ Whitney Z. Bernstein*
    Whitney Z. Bernstein
    Rebecca S. Roberts
    *Attorneys for Dr. Karim Arabi*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Nicola T. Hanna
nhanna@gibsondunn.com
Winston Y. Chan
wchan@gibsondunn.com
Katherine H. Sharp
ksharp@gibsondunn.com
James N. Rotstein
jrotstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
*Attorneys for Sanjiv Taneja*

Andrew James Galvin
andrew.galvin@btlaw.com
BARNES & THORNBURG LLP
*Attorneys for Ali Akbar Shokouhi*

David K. Willingham
dwillingham@kslaw.com
Jamie A. Lang
jlang@kslaw.com
Blythe Golay Kochsiek
bkochsiek@kslaw.com
KING & SPALDING LLP
*Attorneys for Ali Akbar Shokouhi*

Nicholas W. Pilchak
nicholas.pilchak@usdoj.gov
Eric R. Olah
eric.olah@usdoj.gov
Janaki Chopra
Janaki.chopra@usdoj.gov
ASSISTANT UNITED STATES ATTORNEYS

Dated: November 27, 2023         */s/ Leah Thompson*
                                 Leah Thompson