Whitney Z. Bernstein, SBN 304917
wbernstein@bklwlaw.com
Rebecca S. Roberts, SBN 225757
rroberts@bklwlaw.com
Ryan V. Fraser, SBN 272196
rfraser@bklwlaw.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile  (949) 369-3701

*Attorneys for Defendant Dr. Karim Arabi*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARIM ARABI,<br><br>Defendant. | Case No. 3:22-cr-01152-BAS-1<br>Honorable Cynthia A. Bashant<br><br>**DEFENDANT KARIM ARABI'S MID-TRIAL BRIEF ON—**<br><br>(1) **CRIMINAL DEFENDANTS'** ***BRADY*** **AND SIXTH AMENDMENT RIGHTS AS AGAINST ATTORNEY-CLIENT PRIVILEGE;**<br><br>(2) **TANEJA'S FAILURE TO ESTABLISH ATTORNEY-CLIENT PRIVILEGE;**<br><br>(3) **TANEJA'S APPARENT WAIVER OF ATTORNEY-CLIENT PRIVILEGE**<br><br>Trial Date: March 10, 2025<br>Courtroom: 12B |

Karim Arabi disputes Sanjiv Taneja's questionable privilege claim, which it is Taneja's burden to establish through evidence. No evidence has been supplied by Taneja personally as the client or by an attorney asserting personal knowledge of the document in question, which is not an attorney-client communication. An evidentiary hearing is needed before the Court could conclude the document is privileged because it is not privileged on its face and Dr. Arabi disputes the privilege claim.

**1.**

Regardless of privilege, Dr. Arabi's rights under *Brady* and the Sixth Amendment's confrontation and compulsory-process clauses would overcome a privilege claim—and, all the more so, a doubtful one. *See Murdoch v. Castro*, 365 F.3d 699, 703 (9th Cir. 2004) (Sixth Amendment rights may overcome privilege);[1] *United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1142–43 (D. Mont. 2006) (concluding that documents may be "of such probative and exculpatory value as to compel admission of the evidence over Defendant Grace's objection as the attorney-client privilege holder"); *United States v. Moore*, No. 5:21-CR-23, 2024 WL 4993388, at *5 (W.D. Va. Dec. 5, 2024) ("Accordingly, the court will follow the example of the courts in *United States v. W.R. Grace*, 439 F. Supp. 2d 1125 (D. Mont. 2006), and *United States v. Mix*, No. 12-171, 2012 WL 2420016 (E.D. La. June 26, 2012), and weigh the value of the exculpatory evidence sought to be introduced by the defendant against the weight of the policy behind the attorney-client privilege which generally requires exclusion.").

---

[1] *Davis v. Alaska*, 415 U.S. 308 (1974), . . . does stand for the proposition that the Sixth Amendment rights of a criminal defendant may, in some instances, be paramount to certain governmental interests. In *Davis*, for example, the state's interest in protecting juvenile offenders, implemented by an evidentiary rule prohibiting the disclosure of their court records in subsequent judicial proceedings, was outweighed by the defendant's right to cross-examine a prosecution witness effectively. Similarly, other decisions by the Supreme Court have resolved the conflict between the Sixth Amendment and various governmental interests in favor of the defendant's Sixth Amendment rights. *See, e. g., Chambers v. Mississippi*, 410 U.S. 284 (1973); *United States v. Nixon*, 418 U.S. 683 (1974).

*United States v. Buckley*, 586 F.2d 498, 503 (5th Cir. 1978).

Therefore, an evidentiary hearing is not needed. This highly exculpatory document, critical to effective cross-examination, must be available to the defense for use in trial even if it were privileged. Because the document is highly exculpatory and important to cross-examination, Dr. Arabi critically needs to use it in his defense.

**2.**

If the Court disagrees with Arabi on the *Brady* and Sixth Amendment issues, an evidentiary hearing will be needed, at which it will be Taneja's burden to establish that the document in question satisfies each element of attorney-client privilege—including the fact that the document is an attorney-client communication for the purpose of advice on a legal question, and the privilege has not been forfeited or waived.

Here, Taneja has not shown those things. The document in question is not itself an attorney-client communication. Whether it was ever privileged is unclear at best, and, in the absence of an evidentiary hearing with a meaningful opportunity for participation by Arabi as the objecting party, the lack of clarity must be resolved against Taneja as the privilege claimant.

**3.**

Even if the document had been privileged when it was created, Taneja appears to have waived or forfeited any such privilege. Taneja has failed to show, for example, that he attempted to claw it back immediately from all third parties who had previously received it, as of the time when Taneja discovered the document's purportedly privileged character, apparently within the past approximately one month.

For background, the government produced this document in discovery to Dr. Arabi's counsel in November 2022. It appears likely to have been disclosed in November 2022, not only to Dr. Arabi's counsel, but to counsel for Akbar Shokouhi, as well. (It is defense counsel's collective memory that the government was not making defendant-specific discovery productions in November 2022.) Taneja's counsel have not shown that they attempted to claw the document back from Shokouhi's counsel at or about the same time when Taneja's counsel first raised the privilege claim with Arabi's counsel. More broadly,

1 | Taneja's counsel have not shown that they have done everything they reasonably could to
2 | safeguard confidentiality, once they formed a claim of privilege. That means the privilege,
3 | if there ever were any, has been waived or forfeited.

*   *   *

The document in question must be made available for Dr. Arabi's use in his trial.

Respectfully submitted,

Dated: March 19, 2025

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**

By: /s/ Ryan V. Fraser
Whitney Z. Bernstein
Rebecca S. Roberts
Ryan V. Fraser
*Attorneys for Defendant Dr. Karim Arabi*

## **CERTIFICATE OF SERVICE**

By email, I served the foregoing document on Jimmy Rotstein as counsel for Sanjiv Taneja before filing it.

March 19, 2025                                                        */s/ Ryan V. Fraser*